Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800

United States District Court
Eastern District of New York                                    1:19-cv-03578

| | |
|---|---|
| Deborah Duffy, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Complaint |
| Lidl US, LLC, | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     Lidl US, LLC  ("defendant") manufactures, distributes, markets, labels and sells vanilla bean ice cream under its Lidl brand ("Product").

2.     The Product is available to consumers from defendant's retail stores and website and is sold in cartons of 1.5 Quarts.

3.     The relevant front label representations include "Vanilla Bean Ice Cream," "Made With Natural Vanilla Flavor," "No Artificial Flavors," "No High Fructose Corn Syrup," a vignette of vanilla beans and vanilla flower, and two cones with scoops of the Product.



4.     The representations are misleading because the Product contains artificial vanilla flavors not disclosed to consumers, less vanilla than consumers expect and the vanilla bean specks do not contribute any vanilla taste.

5.     Demand for real vanilla "has been steadily increasing…due to consumer demand for natural foods that are free of artificial ingredients."[1]

6.     According to one flavor supplier, today's consumers "want real vanilla, not imitation [vanilla] flavoring."

7.     Nielsen has reported that 62% of consumers say they try to avoid artificial flavors.[2]

8.     Another study by New Hope Network concludes that "71% of consumers today are avoiding artificial flavors."[3]

---

[1] Chagrin Valley Soap & Salve Company, FAQs, Why Are The Prices of Vanilla Bean Products Always Increasing?
[2] Nielsen, Reaching For Real Ingredients: Avoiding The Artificial, Sept. 6, 2016.
[3] Alex Smolokoff, Natural color and flavor trends in food and beverage, Natural Products Insider, Oct. 11, 2019.

9.    Label Insight determined that 76% of consumers avoid products with artificial flavors.[4]

10.    Flavoring ingredients, especially for products labeled as vanilla, are typically the most expensive ingredient in a food, and vanilla has reached record high prices in recent years.[5]

11.    Natural flavors "almost always cost[s] much more than an artificial flavor," so companies and consumers are willing to pay higher prices for the real thing – orange flavor from oranges and vanilla flavor from vanilla, as opposed to orange flavor synthesized from lemons or vanillin (the main flavor molecule in vanilla) derived from wood pulp or petroleum derivatives.[6]

12.    According to an article written by John Hallagan and Joanna Drake, legal counsel for The Flavor and Extract Manufacturers Association of the United States ("FEMA"), in the Perfumer & Flavorist in April 2018:

> Approximately 425 million gallons of vanilla ice cream are commercially produced annually in the U.S., comprising about 28% of the ice cream produced each year.
>
> When consumers purchase ice cream labeled as "vanilla ice cream" they expect it to be flavored with vanilla flavoring derived from vanilla beans unless labeled otherwise…As we shall see, this expectation is codified in two U.S. federal standards of identity, one for vanilla flavorings and one for ice cream.[7]
>
> Exhibit "A," John B. Hallagan and Joanna Drake, The Flavor and Extract Manufacturers Association of the United States, "Labeling Vanilla Flavorings and Vanilla-Flavored Foods in the U.S.," Perfumer & Flavorist, Vol. 43 at p. 46, Apr. 25, 2018.

13.    Hallagan and Drake write that:

---

[4] Thea Bourianne, Exploring today's top ingredient trends and how they fit into our health-conscious world, March 26-28, 2018.
[5] Finbarr O'Reilly, Precious as Silver, Vanilla Brings Cash and Crime to Madagascar, New York Times, Sept. 4, 2018.
[6] David Andrews, Synthetic ingredients in Natural Flavors and Natural Flavors in Artificial flavors, Environmental Working Group (EWG).
[7] John B. Hallagan and Joanna Drake, The Flavor and Extract Manufacturers Association of the United States, "Labeling Vanilla Flavorings and Vanilla-Flavored Foods in the U.S.," Perfumer & Flavorist, Vol. 43 at p. 46, Apr. 25, 2018.

FDA regulations clearly require that food products be labeled accurately so that consumers can determine whether the product is flavored with a vanilla flavoring derived from vanilla beans, in whole or in part, or whether the food's vanilla flavor is provided by flavorings not derived from vanilla beans.[8]

14.   According to Hallagan and Drake,

A common violation is to label a food product such as ice cream in a way that leads consumers to believe that it is flavored with vanilla extract, or another vanilla flavoring derived solely from vanilla beans, as defined in the federal standard of identity when in fact it is not.

15.   Hallagan and Drake note that:

Adulteration of vanilla flavorings and foods containing them has long been a problem in the U.S. and there continue to be modern examples.

16.   "The federal standard of identity for vanilla was established by the FDA in the 1960s over growing concern of adulteration of vanilla extract with less valuable substances."

17.   According to Hallagan and Drake:

Federal food standards allow consumers to trust that a standardized food is what it purports to be because they establish explicit specifications for the standardized food."

FDA's standards for vanilla products were intended to alleviate potential consumer fraud by establishing specific requirements for vanilla extract and other standardized vanilla products.

The standard of identity for vanilla flavorings is actually a series of individual standards that describe the common or usual name and recipes for eight flavorings: vanilla extract, concentrated vanilla extract, vanilla flavoring, concentrated vanilla flavoring, vanilla powder, vanilla-vanillin extract, vanilla-vanillin flavoring, and vanilla-vanillin powder.

These eight individual standards, at 21 CFR 169.175 – 169.182, are supported by specific requirements for the vanilla beans that may be used to produce vanilla extract and other vanilla products."

18.   The authors note that

---

[8] *Id*.

Three of the standards are for flavorings that combine vanilla extract with the primary chemically defined flavoring substance in vanilla beans, vanillin.[9]

19.    They continue:

An understanding of the vanilla standard and the general flavoring labeling regulations is necessary to properly label vanilla flavorings and the foods to which they are added.

20.    Hallagan and Drake emphasize that:

When seeking to interpret and understand the requirements of the vanilla standard it is advisable to read the regulations side-by-side with relevant regulatory correspondence…

there is a substantial body of information that, in addition to the standards, can facilitate interpretation, understanding and proper labeling.

These resources include a formal advisory opinion issued by FDA and a variety of regulatory correspondence issued by FDA in response to inquiries from other federal agencies, industry, and the public.

It is important to note that FDA regulations state that regulatory correspondence issued by the agency constitutes an agency advisory opinion.[10]

21.    New York State has adopted all federal regulations for food labeling through its

Agriculture and Markets Law ("AGM") and accompanying regulations. *See* Title 1, Official

Compilation of Codes, Rules and Regulations of the State of New York ("NYCRR").[11]

22.    Hallagan and Drake point out that:

The regulatory environment related to flavors can be confusing, especially when the federal standards for vanilla flavorings and ice cream are read with the labeling regulations for flavors and foods containing added flavors that are not subject to federal standards of identity.[12]

23.    When labeling vanilla ice cream, the flavor industry trade group provides two key

---

[9] *Id*.

[10] *Id*.

[11] AGM § 71-a ("Declaration of policy") ("It is further declared to be in the interest of the dairy industry and of the consuming public that there be uniformity of standards for frozen desserts as between the various states and the federal government"); 1 NYCRR § 17.19, Additional standards of identity for frozen desserts at Chapter I ("Milk Control*"), Subchapter A ("Dairy Products"), Part 17 ("Requirements for the Labeling of, and Definitions and Standards of Identity for, Milk, Milk Products and Frozen Desserts") (emphasis added).

[12] *Id*.

points:

1. "The federal standards of identity for vanilla flavorings at 21 CFR Section 169 and ice cream at 21 CFR Section 135, and their labeling requirements, take precedence over the general flavor and food labeling regulations at 21 CFR Section 101.22; and

2. The federal standard of identity for vanilla flavorings at 21 CFR Section 169 applies to both the flavorings sold directly to consumers and to food manufacturers."

24.     According to the analysis of Hallagan and Drake,

If the ice cream contains no artificial flavor then the label of the ice cream "shall be accompanied by the common or usual name of the characterizing flavor, e.g., vanilla . . ." – i.e. "vanilla ice cream." This is often referred to as "Category 1" ice cream. 21 CFR §135.110(f)(2)(i) ("If the ice cream contains no artificial flavor then the label of the ice cream 'shall be accompanied by the common or usual name of the characterizing flavor, e.g., vanilla . . .' – i.e. 'vanilla ice cream'").

Reading this regulation together with the vanilla standard of identity means that the characterizing flavor for this ice cream must be provided only by vanilla extract complying with the standard at 21 CFR Section 169.175, or another standardized vanilla flavoring derived solely from vanilla beans.

25.     The International Dairy Foods Association ("IDFA") concurs with Hallagan and Drake, summarizing the distinction between natural and artificial flavors in ice cream as follows:

Flavors which are derived from natural sources other than the characterizing flavor and simulate, resemble or reinforce the characterizing flavor, are considered artificial flavors. Products flavored in such a manner must be labeled according to either flavor labeling requirements of Category II or III products.[13]

26.     This means that non-vanilla flavors that simulate vanilla are considered "artificial flavors" in a product labeled as "vanilla (bean) ice cream."

27.     Since the Product is labeled "vanilla bean ice cream" (Category 1) "purports to be or

---

[13] IDFA, Ice Cream & Frozen Desserts Labeling Manual, 2019 Ed.

is represented as a food for which a definition and standard of identity has been prescribed by regulations as provided by section 341 of this title," it is required to list the "the common names of optional ingredients (other than spices, flavoring, and coloring)." 21 U.S.C. §343(g).

28.    "FDA's implementing regulations further reflect the legal principle that standards of identify supersede the general flavor labeling regulations since, where there 'is a flavor for which a standard of identity has been promulgated,' then 'it shall be labeled as provided in the standard.'"[14]

29.    Section 403(g) of the FFDCA contains requirements for labeling standardized foods:[15]

> A food shall be deemed to be misbranded . . . (g) If it purports to be or is represented as a food for which a definition and a standard of identity has been prescribed by regulations as provided by Section 401 of this title, unless (1) it conforms to such definition and standard, and (2) its label bears the name of the food specified in the definition and standard, and, insofar as may be required by such regulations, the common names of optional ingredients present in such food.

30.    According to Hallagan and Drake, this means that "if a flavoring is represented as 'vanilla' and/or tastes like vanilla it is subject to the standards of identity for vanilla flavorings and must comply with the labeling requirements for the standards."

31.    As standardized flavors, the vanilla ingredients are required to be listed on an ingredient list with "the name of the food specified in the definition and standard," also known as the common or usual name. *See* 21 U.S.C. §343(g) and 21 C.F.R. § 101.4(a)(1).

32.    The ice cream standard of identity also requires that the common name of the flavor ingredients be "declared on the label as required by the applicable sections of parts 101 and 130."

33.    The "common names of optional ingredients" in ice cream are those ingredients the

---

[14] Hallagan and Drake, *supra*.
[15] 21 U.S.C. §343(g).

manufacturer chooses to use to provide flavor, such as strawberries, peaches or vanilla (extract). *See* 21 C.F.R. § 135.110(g).

34.    Part 101 states:

Ingredients required to be declared on the label or labeling of a food, including foods that comply with standards of identity, except those ingredients exempted by 101.100, shall be listed by common or usual name.

21 C.F.R. § 101.4(a)(1)

35.    Flavorings other than vanilla "shall be declared according to the provisions of 101.22." 21 C.F.R. § 101.4(b)(1); 21 C.F.R. § 101.22(h)(1) ("The label of a food to which flavor is added shall declare the flavor in the statement of ingredients in the following way…Spice, natural flavor, and artificial flavor may be declared as "spice", "natural flavor", or "artificial flavor", or any combination thereof, as the case may be.").

36.    The Product is represented as a Category 1 ice cream through its name, "Vanilla Bean Ice Cream."

37.    However, in contrast to the requirements for vanilla bean ice cream, the characterizing flavor is not "provided only by vanilla extract complying with the standard at 21 CFR Section 169.175, or another standardized vanilla flavoring derived solely from vanilla beans" as shown by its ingredient list "Natural Vanilla Flavor."[16]

---

[16] *Id*.



**INGREDIENTS:** SKIM MILK, CREAM, SUGAR, CORN SYRUP, CONTAINS 2% OR LESS OF MONO- AND DIGLYCERIDES, GUAR GUM, LOCUST BEAN GUM, CALCIUM SULFATE, CARRAGEENAN, NATURAL VANILLA FLAVOR, GROUND VANILLA BEAN SPECKS.

38. "Natural Vanilla Flavor" is an ingredient which is different than the exclusively vanilla ingredients, which are listed as "vanilla extract" or "vanilla flavoring." 21 C.F.R. § 169.175 (b)(1) ("The specified name of the food is 'Vanilla extract' or 'Extract of vanilla'"); 21 C.F.R. § 169.177 (b) ("The specified name of the food is 'Vanilla flavoring'.").

39. The use of the term "Natural Vanilla Flavor" is false, deceptive and misleading because this ingredient contains added vanillin.

40. This is concluded through the peak assignment table resulting from gas chromatography-mass spectrometry ("GC-MS") analysis performed on the Product.

Table 1

Sheehan & Associates, P.C., Project #7670-4
Lidl Vanilla Bean Ice Cream
Production Code: 26-426 9348 2052
Methylene Chloride Extract of 10.0 g with 1 ppm Matrix-Spiked Int. Std. by P&T-TD-GC-MS

Data File = TSQA4049

| MS Scan # | Area Integration | Peak Assignment | Conc. PPM w/w |
|---|---|---|---|
| 14 | 5556 | diacetyl | 0.018 |
| 23 | 21458 | 2-butanone | 0.071 |
| 114 | 154657 | acetic acid | 0.514 |
| 189 | 77401 | acetol | 0.257 |
| 205 | 15098 | propionic acid | 0.050 |
| 236 | 8165 | acetaldehyde diethyl acetal | 0.027 |
| 241 | 142969 | acetoin | 0.475 |
| 273 | 38576 | 1,2-propylene glycol | 0.128 |
| 320 | 229177 | butyric acid | 0.761 |
| 325 | 54038 | 1,3-butanediol | 0.179 |
| 387 | 224713 | furfural | 0.746 |
| 393 | 9846 | 2-methylbutyric acid | 0.033 |
| 410 | 18734 | dimethylsulfoxide (DMSO) | 0.062 |
| 413 | 58216 | furfuryl alcohol | 0.193 |
| 426 | 91981 | lactic acid + pentanoic acid | 0.305 |
| 457 | 6073 | 2-heptanone | 0.020 |
| 473 | 4696 | heptanal | 0.016 |
| 478 | 66078 | cyclohexanone | 0.219 |
| 500 | 2606902 | dimethyl sulfone | 8.656 |
| 560 | 1511424 | hexanoic acid | 5.018 |
| 572 | 9437 | 6-methyl-5-hepten-2-one | 0.031 |
| 594 | 31981 | octanal | 0.106 |
| 610 | 11916 | 1H-pyrrole-2-carboxaldehyde | 0.040 |
| 629 | 17643 | cyclotene | 0.059 |
| 639 | 45484 | benzyl alcohol | 0.151 |
| 656 | 188338 | heptanoic acid + furaneol | 0.625 |
| 669 | 8773 | p-cresol | 0.029 |
| 682 | 21594 | 6-methyl-2-pyrazininylmethanol | 0.072 |
| 695 | 219613 | guiaicol + 2-acetylpyrrole | 0.729 |
| 701 | 18400 | ethyl heptanoate | 0.061 |
| 707 | 75551 | dihydro-3,5-dimethyl-2(3H)-furanone + nonanal | 0.251 |
| 728 | 283588 | maltol | 0.942 |
| 771 | 6350989 | octanoic acid | 21.087 |
| 776 | 18599 | benzoic acid | 0.062 |
| 806 | 12954 | 2-methoxy-4-methylphenol | 0.043 |
| 811 | 28477 | decanal | 0.095 |
| 815 | 24898 | methyl nonanoate | 0.083 |
| 822 | 301174 | naphthalene-d8 (internal standard) | 1.000 |
| 859 | 3550562 | hydroxy methyl furfural (HMF) | 11.789 |
| 882 | 2808 | p-methoxybenzaldehyde (p-anisaldehyde) | 0.009 |
| 902 | 51348 | delta-nonalactone + p-methoxybenzyl alcohol (p-anisyl alcohol) | 0.170 |
| 926 | 10019 | 2,4-decadienal | 0.033 |
| 958 | 3929702 | decanoic acid | 13.048 |
| 995 | 117531 | p-hydroxybenzaldehyde | 0.390 |
| 1041 | 169887920 | vanillin | 564.086 |
| 1060 | 71906 | vanillyl ethyl ether + trace of 4-hydroxy-3-methoxybenzyl alcohol | 0.239 |
| 1071 | 168133 | glyceryl monohexanoate | 0.558 |
| 1091 | 91439 | acetovanillone | 0.304 |
| 1096 | 75929 | delta-decalactone | 0.252 |
| 1121 | 922192 | lauric acid | 3.062 |
| 1202 | 16410453 | triethyl citrate | 54.488 |
| 1224 | 33097 | syringealdehyde | 0.110 |
| 1267 | 141558 | delta-dodecalactone | 0.470 |
| 1281 | 362150 | myristic acid | 1.202 |
| 1357 | 51714 | 3,7,11,15-tetramethyl-2-hexadecanol | 0.172 |
| 1768 | 84982 | methyl linoleate | 0.282 |
| | | **Total (excluding internal standard)** | **693.880** |

41.     Based on the peak assignment table, the "Natural Vanilla Flavor" in the Product consists of about 81% vanillin, 8% triethyl citrate (solvent) and about 10% vanilla extractives.

42.     The table shows the Product contains "an abnormal excess of vanillin relative to the profile of minor components in a vanilla preparation," which is a strong indicator it contains vanillin from non-vanilla sources.[17]

43.     For example, the ratio of vanillin (MS Scan # 1041, 564.086 PPM) to p-hydroxybenzaldehyde (MS Scan # 995, 0.390 PPM) is 1446.37.

44.     When compared to the ratio of these compounds in a sample of Haagen-Dazs Vanilla Ice Cream, the conclusion that Lidl Vanilla Bean Ice Cream contains added vanillin is inescapable.

---

[17] See Arun K. Sinha et al., ., "A comprehensive review on vanilla flavor: extraction, isolation and quantification of vanillin and other constituents," International Journal of Food Sciences and Nutrition 59.4 (2008): 299-326.

Table 1

Sheehan & Associates, P.C., Project #7700
Haagen-Dazs Vanilla Ice Cream
Production Code: 0091580418
Methylene Chloride Extract of 10.0 g with 1 ppm Matrix-Spiked Int. Std. by P&T-TD-GC-MS

Data File = TSQA4106

| MS Scan # | Area Integration | Peak Assignment | Conc. PPM w/w |
|---|---|---|---|
| 7 | 4094 | diacetyl | 0.018 |
| 14 | 33605 | 2-butanone | 0.145 |
| 49 | 49791 | ethyl acetate | 0.214 |
| 71 | 23031 | acetic acid | 0.099 |
| 159 | 736604 | acetol | 3.169 |
| 218 | 194103 | acetoin | 0.835 |
| 230 | 45908 | acetalehyde diethyl acetal | 0.197 |
| 245 | 2989 | pyrazine | 0.013 |
| 257 | 24051 | 1,2-propylene glycol | 0.103 |
| 286 | 296246 | 1,3-butanediol + butyric acid | 1.274 |
| 314 | 163351 | butanediol isomer | 0.703 |
| 353 | 388956 | ethyl lactate | 1.673 |
| 375 | 19144 | methyl pyrazine | 0.082 |
| 381 | 39677 | furfural | 0.171 |
| 388 | 2312 | 2-methylbutyric acid | 0.010 |
| 399 | 25412 | dimethylsulfoxide (DMSO) | 0.109 |
| 405 | 33543 | furfuryl alcohol | 0.144 |
| 425 | 21542 | pentanoic acid | 0.093 |
| 451 | 10740 | 2-heptanone | 0.046 |
| 496 | 974225 | dimethyl sulfone | 4.191 |
| 564 | 747697 | hexanoic acid | 3.216 |
| 605 | 1619 | 1H-pyrrole-2-carboxaldehyde | 0.007 |
| 624 | 9053 | cyclotene | 0.039 |
| 631 | 16456 | limonene | 0.071 |
| 634 | 8058 | benzyl alcohol | 0.035 |
| 654 | 43545 | heptanoic acid | 0.187 |
| 667 | 9932 | p-cresol | 0.043 |
| 678 | 7522 | 6-methyl-2-pyrazininylmethanol | 0.032 |
| 685 | 2329 | 2-nonanone | 0.010 |
| 693 | 78580 | guiaicol | 0.338 |
| 703 | 27225 | dihydro-3,5-dimethyl-2(3H)-furanone + nonanal | 0.117 |
| 717 | 16738 | ? 111 mw | 0.072 |
| 724 | 31622 | maltol | 0.136 |
| 777 | 1362832 | octanoic acid | 5.863 |
| 782 | 29856 | benzoic acid | 0.128 |
| 801 | 24779 | 2-methoxy-4-methylphenol | 0.107 |
| 806 | 1890 | decanal | 0.008 |
| 817 | 232466 | naphthalene-d8 (internal standard) | 1.000 |
| 828 | 28611 | hydroxy methyl furfural (HMF) | 0.123 |
| 861 | 381451 | nonanoic acid | 1.641 |
| 872 | 6357 | 4-methoxybenzaldehyde (p-anisaldehyde) | 0.027 |
| 893 | 51907 | cinnamic aldehyde | 0.223 |
| 898 | 34485 | delta-nonalactone | 0.148 |
| 915 | 3622 | indole | 0.016 |
| 921 | 9461 | 2-hydroxy-5-methylacetophenone | 0.041 |
| 963 | 1376915 | decanoic acid + p-hydroxybenzaldehyde | 5.923 |
| 997 | 16598 | methyl, (3-methoxy-4-hydroxybenzyl) ether | 0.071 |
| 1016 | 11171073 | vanillin | 48.055 |
| 1032 | 17497 | undecanoic acid | 0.075 |
| 1039 | 2572 | methyl-p-methoxybenzoate (methyl paraben) | 0.011 |
| 1051 | 211763 | vanillyl ethyl ether + trace of 4-hydroxy-3-methoxybenzyl alcohol | 0.911 |
| 1081 | 3934 | acetovanillone | 0.017 |
| 1088 | 33123 | delta-decalactone | 0.142 |
| 1091 | 1459 | eugenyl acetate | 0.006 |
| 1119 | 324369 | lauric acid | 1.395 |
| 1208 | 19202 | vanillyl acetone (zingerone) | 0.083 |
| 1214 | 8448 | syringealdehyde | 0.036 |
| 1232 | 11483 | gamma-decalactone | 0.049 |
| 1260 | 39839 | delta-dodecalactone | 0.171 |
| 1275 | 47096 | myristic acid | 0.203 |
| 1351 | 23842 | 3,7,11,15-tetramethyl-2-hexadecanol | 0.103 |
| | | Total (excluding internal standard) | 83.170 |

45.    For example, the ratio of vanillin (MS Scan # 1016, 48.055 PPM) to decanoic acid + p-hydroxybenzaldehyde (MS Scan # 963, 5.923 PPM) in Haagen-Dazs is 8.11.

46.    Even assuming the decanoic acid constituting 90% of the 5.923 PPM (5.3307 PPM), this would leave 0.5923 PPM of p-hydroxybenzaldehyde.

47.    The ratio of vanillin to p-hydroxybenzaldehyde in Haagen-Dazs would increase to 81.13, which is still over ten times less than found in Lidl Vanilla Bean Ice Cream.

48.    The presence of added vanillin in the Lidl Vanilla Bean Ice Cream is further supported because Haagen-Dazs contains only vanilla extract to provide flavor, indicated in the ingredient list below.

**INGREDIENTS:** CREAM, SKIM MILK, CANE SUGAR, EGG YOLKS, VANILLA EXTRACT.

**INGREDIENTS:** CREAM, SKIM MILK, CANE SUGAR, EGG YOLKS, VANILLA EXTRACT.

49.    For all vanillin in Lidl Vanilla Bean Ice Cream to have come from vanilla beans, it would have to contain ten times as much vanilla as a product which contains only vanilla extract – Haagen-Dazs

50.    This is commercially implausible because of the high price of vanilla and functionally implausible because flavoring ingredients never constitute more than one percent by weight of the total ingredients used.

51.    Vanillin, according to Hallagan and Drake, is:

The single most important individual flavoring substance in vanilla beans, and therefore in vanilla extract and other standardized vanilla flavorings, is vanillin.

Vanillin is a component of three standardized vanilla flavorings and is often used in a wide variety of artificial vanilla flavorings.

Vanillin has also been used to adulterate vanilla extract as the addition of vanillin allows a manufacturer to use less of the extractives of vanilla beans.

52.   Vanillin "may be produced through processes recognized as yielding an artificial flavor consistent with the FDA definition of 'artificial flavor'" or "through processes that yield a natural flavor consistent with the FDA definition of 'natural flavor.'"[18]

53.   Hallagan and Drake, citing FDA correspondence,  emphasized that though:

vanillin produced consistent with the FDA definition of natural flavor "can bear the term 'vanillin,' 'natural flavor,' or 'contains natural flavor' [but] the term natural flavor must not be used in such a way to imply that it is 'natural vanilla flavor' because it is not derived from vanilla beans."

54.   FDA also stated that a food containing vanillin produced consistent with the FDA definition of natural flavor "can bear the term 'vanillin,' 'natural flavor,' or 'contains natural flavor' but the term natural flavor must not be used in such a way to imply that it is 'natural vanilla flavor' because it is not derived from vanilla beans."

55.   Hallagan and Drake cite the specific requirements for labeling ice cream flavors:

---

[18] Hallagan and Drake.

If non-vanilla bean source vanillin were included in this product then it must be labeled as "Vanilla Flavored Ice Cream" as described below for "Category 2" ice cream. If a natural flavor that is not characterizing for vanilla is included in a vanilla ice cream then the ice cream could be labeled as "vanilla ice cream with other natural flavors" if the requirements of the ice cream standard were met.

If the ice cream contains both a natural characterizing flavor and an artificial flavor simulating it, and the natural flavor is predominant, then the ice cream must be labeled with the common or usual name of the characterizing flavor accompanied by the word "flavored." For example, this ice cream may be flavored predominantly with vanilla extract with an artificial flavoring simulating vanilla such as vanillin.[19]

56.    Defendant's Vanilla Bean Ice Cream, with an excess of added vanillin, is closer to a "Category 3" product because it:

contains both a natural characterizing flavor and an artificial flavor simulating it, and the artificial flavor (vanillin) is predominant, or if the ice cream is flavored only with an artificial flavoring.[20]

57.    Therefore, according to Hallagan and Drake and 21 CFR §135.110(f)(2)(iii), Lidl Vanilla Bean Ice Cream:

must be labeled with the common or usual name of the characterizing flavor preceded by the word "artificial" or "artificially flavored."

58.    Hallagan and Drake state that:

If one is trying to determine the appropriate labeling of a vanilla flavoring that combines vanilla extract with vanillin not derived from vanilla beans, the first place to check is the standard for vanilla which specifies that such a product must meet the recipe for "vanilla-vanillin extract" and must be labeled as such. However, a person with knowledge of the general flavor labeling regulations may ask whether such a product may be labeled as "vanilla WONF."[21]

59.    Defendant's "Natural Vanilla Flavor" is a deceptive and misleading name because it is equivalent to a:

---

[19] Hallagan and Drake.
[20] Hallagan and Drake.
[21] Hallagan and Drake.

mixture of vanilla extract and vanillin produced through a "natural" process (i.e. a process consistent with the definition of natural flavor at 21 CFR Section 101.22(a) (3)) [and] cannot be described as "vanilla extract WONF," "vanilla WONF" or other similar descriptive terms.[22]

60.    Though the Product lists "Natural Vanilla Flavor" on the ingredient list, the addition of vanillin to vanilla requires the ingredient list to state "'contains vanillin, an artificial flavor (or flavoring).'" *See* 21 C.F.R. § 169.180(b) ("Vanilla-vanillin extract").

I.    Vanilla Bean Specks are Misleading

61.    The Product's inclusion of "Ground Vanilla Bean Specks" is misleading because these are exhausted vanilla beans which give consumers the misleading impression the Lidl Vanilla Bean Ice Cream contains more vanilla than it does.

62.    Vanilla bean specks are the:

tiny black seeds that line the inside of a vanilla bean.  When flavor houses extract vanilla beans to make vanilla extract, the goal is to extract all possible flavor from the bean, including its seeds. After the vanilla extract has percolated for an optimal time, the vanilla bean pods and seeds sink to the bottom and are filtered from the extract. As a final step, the vanilla bean seeds are sifted from the spent vanilla bean pods. The resulting bean pods and seeds are known as "exhausted," because all flavor has been extracted.[23]

63.    The FDA has have long prohibited adding such ingredients to food, stating:

Spent vanilla beans are considered an adulterant under Section 402(b) of the Federal Food, Drug, and Cosmetic Act.  We have consistently considered spent spice ingredients adulterated because of extraction of essential ingredients.[24]

64.    According to the TTB, the addition of "ground vanilla beans which had been exhausted…do not constitute a legitimate article of commerce for food use in that the valuable

---

[22] Hallagan and Drake.
[23] Cook's Blog, Vanilla Bean Seeds: A Troubling New Trend, June 13, 2019.
[24] Walter Moses, Division of Industry Advice, FDA, to Alan H. Kaplan, May 10, 1965.

constituents, the flavoring principles, have been omitted or abstracted therefrom."[25] *See* 21 U.S.C. § 342(b)(1) ("A food shall be deemed to be adulterated – If any valuable constituent has been in whole or in part omitted or abstracted therefrom.").

65.     The FDA and TTB are clear that "This type of adulteration cannot be corrected by any form of labeling."[26]  *See* Moses Letter ("We are unable to suggest any way that your client might use a combination of spent vanilla beans with other flavoring materials in ice cream.").

66.     A reasonable consumer cannot follow up or learn the truth that the Product contains non-vanilla artificial flavors, including vanillin from non-vanilla sources from reading the Product's ingredient list because defendant labels the flavor as "Natural Vanilla Flavor" and fails to provide clarification elsewhere on the Product.

67.     Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiffs and consumers.

68.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiffs.

69.     The value of the Product that plaintiffs purchased and consumed was materially less than its value as represented by defendant.

70.     Had plaintiffs and class members known the truth, they would not have bought the Product or would have paid less for them.

71.     As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $3.29 for cartons of 1.5 Quarts, excluding tax, compared to other

---

[25] Letter from Chester T. Hubble, Director of Administrative Review, Bureau of Enforcement, Bureau of Alcohol, Tobacco Tax Division, U.S. Treasury to Anthony Filandro, Virginia Dare Extract Company, Inc., August 23, 1960; TTB has authority over extract of vanilla due to alcohol content.
[26] Hubble letter.

similar products represented in a non-misleading way.

## Jurisdiction and Venue

72.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

73.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

74.    Plaintiff Deborah Duffy is a citizen of New York.

75.    Defendant Lidl US, LLC, is a Delaware corporation with a principal place of business in Arlington, Arlington County, Virginia and has at least one member who is a citizen of a state other than New York (Virginia), and therefore is a citizen of Virginia.

76.    "Minimal diversity" exists because plaintiff Deborah Duffy and defendant are citizens of different states.

77.    Upon information and belief, sales of the Product in New York exceed $5 million per year, exclusive of interest and costs.

78.    Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, Plaintiff's decisions to purchase the Product and the misleading representations and/or their recognition as such.

79.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

## Parties

80.    Plaintiff Deborah Duffy is a citizen of Staten Island, Richmond County, New York.

81.    Defendant Lidl US, LLC is a Delaware corporation with a principal place of business

in Arlington, Virginia, Arlington County.

82. Defendant operates hundreds of grocery stores in the U.S. and several dozen in New York.

83. During the relevant statutes of limitations, plaintiff purchased the Product within district and/or State for personal and household consumption and/or use in reliance on the representations the Product did not contain artificial flavors and its flavor was only from vanilla.

84. Plaintiff Deborah Duffy purchased the Product in February 2020 at Lidl, 283 Platinum Ave, Staten Island, NY 10314.

85. Plaintiff bought the Product at or exceeding the above-referenced prices because liked the product for its intended use and expected its vanilla flavor to come from vanilla and that the Product did not have artificial flavors, because the front label did not disclose this nor was it clarified by the ingredient list.

86. Plaintiff was deceived by and relied upon the Product's deceptive labeling, including the omission of the legally-required notice that it contained artificial flavors.

87. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

88. Had Defendant not violated New York law, Plaintiff would not have been injured.

89. The Product was worth less than what Plaintiff paid for it and Class members would not have paid as much as they have for the Product absent Defendant's false and misleading statements and omissions.

90. Plaintiff lost money as a result of Defendant's unlawful behavior.

91. Plaintiff intends to, seeks to, and will purchase the Product again when can do so with the assurance that Product's label is lawful and consistent with the Product's ingredients.

## Class Allegations

92.    The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

93.    Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

94.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

95.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

96.    Plaintiff is an adequate representatives because  interests do not conflict with other members.

97.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

98.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

99.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

100.  Plaintiff seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL"), §§ 349 & 350
### (Consumer Protection Statutes)

101.  Plaintiff incorporates by reference all preceding paragraphs.

102.  Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

103.  Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

104.  Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

105.  The amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-vanilla, artificial flavors where a product is labeled "vanilla" without more.

106.  The front label and ingredient list declaration of "natural vanilla flavor" fails to tell consumers and plaintiffs that the Product contains artificial flavors, including vanillin.

107.  The front label omits that the Product is artificially flavored, in violation of regulations requiring disclosure of this fact to consumers.

108.  Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

109.  Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

110.  Plaintiff incorporates by reference all preceding paragraphs.

111.  Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

112.  The amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the Product and consumers do not expect artificial, non-vanilla flavors where a product is labeled "vanilla" without more.

113.  The front label and ingredient list declaration of "natural vanilla flavor" fails to tell

consumers and plaintiffs that the Product contains artificial flavors, including vanillin.

114.    The front label omits that the Product is artificially flavored, in violation of regulations requiring disclosure of this fact to consumers.

115.    Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

116.    This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

117.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

118.    Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

119.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

120.    Plaintiff incorporates by reference all preceding paragraphs.

121.    The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

122.    The amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-vanilla, artificial flavors where a product is labeled "vanilla" without more.

123.   The front label and ingredient list declaration of "natural vanilla flavor" fails to tell consumers and plaintiffs that the Product contains artificial flavors, including vanillin.

124.   The front label omits that the Product is artificially flavored, in violation of regulations requiring disclosure of this fact to consumers.

125.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

126.   This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

127.   Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

128.   Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

129.   The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

130.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

131.   Plaintiff incorporates by reference all preceding paragraphs.

132.   The amount and proportion of the characterizing component, vanilla, has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-vanilla, artificial flavors where a product is labeled "vanilla" without more.

133.   The front label and ingredient list declaration of "natural vanilla flavor" fails to tell

consumers and plaintiffs that the Product contains artificial flavors, including vanillin.

134.    The front label omits that the Product is artificially flavored, in violation of regulations requiring disclosure of this fact to consumers.

135.    Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

136.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

137.    Plaintiff incorporates by reference all preceding paragraphs.

138.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

  **WHEREFORE**, Plaintiff prays for judgment:

1.  Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4.  Awarding monetary damages and interest pursuant to the common law and other statutory

claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   August 8, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:19-cv-03578
United States District Court
Eastern District of New York

Deborah Duffy, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Lidl US, LLC,

Defendant

## Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 303-0552
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  August 8, 2020

/s/ Spencer Sheehan
Spencer Sheehan